UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

-against-

**MEMORANDUM AND ORDER**

BYZA RESTAURANT CORP. d/b/a    Case No. 09-CV-1773 (FB) (ALC)
BYZANTIO CAFÉ & BAR, PETER PETERS,
and GEORGIA PETERS,

                Defendants.
---------------------------------------------------------x

*Appearances:*

| For the Plaintiff: | For the Defendants: |
|---|---|
| PAUL J. HOOTEN, ESQ. | WILLIAM M. SPANAKOS, ESQ. |
| Paul J. Hooten & Associates | Spanakos & Spanakos, Esqs. |
| 5505 Nesconset Highway, Suite 203 | 7207 Fort Hamilton Parkway |
| Mt. Sinai, NY 11766 | Brooklyn, NY 11228 |

**BLOCK, Senior District Judge:**

        After defendants failed to appear in this action, plaintiff moved for a default judgment. *See* Docket Entry # 7 (Motion). Defendants subsequently appeared through counsel and moved to set aside plaintiff's service of the summons and complaint. *See* Docket Entry # 10 (Motion). The Court referred defendants' motion to the magistrate judge assigned to the case; on February 17, 2010, Magistrate Judge Carter issued a Report and Recommendation ("R&R") recommending that the Court grant defendants' motion, which it construed as a Fed. R. Civ. P 12(b)(5) motion to dismiss, because plaintiff failed to properly effectuate service of process on any defendant. *See* R&R at 10. The R&R also stated that failure to object within fourteen days would preclude appellate review. *See id.* Attorney for plaintiff was electronically notified of the R&R on February 18, 2010; no objections have been filed.

        If clear notice has been given of the consequences of failure to object, and there are

no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here.

The Court adopts the findings set forth in the R&R. Accordingly, defendants' motion is granted, and the complaint is dismissed.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 10, 2010